1
2
3
4
5

Mark E. Ellis - 127159
Lawrence K. Iglesias - 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
iglesias@ellislawgrp.com

6

Attorneys for Cross-Defendant CREDIT CONSULTING SERVICES

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

CREDIT CONSULTING SERVICES,

12

Plaintiff,

13

v.

14

CLIFTON SCOTT,

15

Defendant.

16

17

AND RELATED CROSS-ACTION

Federal Case No:

San Benito County Case No.: CL-18-00541

**CROSS-DEFENDANT CREDIT CONSULTING SERVICES' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)**

18

19

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20

PLEASE TAKE NOTICE that Cross-Defendant hereby removes to this Court the state court

21

action described below:

22

1.      On December 19, 2018, an action was commenced in Superior Court, State of

23

California, San Benito County, entitled CLIFTON SCOTT, Cross-Complainant, v CREDIT

24

CONSULTING SERVICES, Cross-Defendant, as case number CL-18-00541.

25

2.      On or about December 19, 2018, CREDIT CONSULTING SERVICES was served

26

with the Summons Cross-Complaint and Cross-Complaint, attached hereto as **Exhibit A**.

27

3.      This Court has jurisdiction to hear this case because this action is a civil action of which

28

this Court has original jurisdiction under 28 U.S.C. § 1331 of Cross-Plaintiff's federal claims and

- 1 -

1   supplemental jurisdiction under 28 U.S.C. § 1367 of Cross-Plaintiff's related state law claims, and is

2   one which may be removed to this Court by cross-defendant pursuant to the provisions of 28 U.S.C. §

3   1441(a) in that it arises under the federal Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*).

4   Dated: January 18, 2019

5                                                    ELLIS LAW GROUP LLP

6                                        By   */s/ Lawrence K. Iglesias*
7                                             Lawrence K. Iglesias
                                              Attorney for Cross-Defendant
8                                             CROSS-DEFENDANT CREDIT CONSULTING
                                              SERVICES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROSS-DEFENDANT CREDIT CONSULTING SERVICES' NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT A

**SUM-110**

# SUMMONS
## Cross-Complaint
### *(CITACION JUDICIAL-CONTRADEMANDA)*

|  | FOR COURT USE ONLY |
|---|---|
|  | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO  CROSS-DEFENDANT:**

*(AVISO AL CONTRA-DEMANDADO):*
CLIFTON JAMES SCOTT, on behalf of himself and all others similarly
situated.

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ  DEMANDANDO EL CONTRADEMANDANTE):*

CREDIT CONSULTING SERVICES, INC., a California corporation;

Additional Parties Attachment for is attached.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que lo llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Benito County Superior Court<br>440 5th Street, Room 205<br>Hollister, CA 95023 | SHORT NAME OF CASE *(from Complaint)*: *(Nombre de Caso):*<br>CREDIT CONSULTING SERVICES v. SCOTT |
|---|---|
|  | CASE NUMBER: *(Número del Caso):*<br>CL-18-00541 |

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):*  Fred W. Schwinn (SBN 225575)  1435 Koll Circle, Suite 104
Consumer Law Center, Inc.  San Jose, California 95112-4610
(408) 294-6100

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons *(POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual cross-defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br>   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>         ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)<br>         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>         ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

SUM-200(A)

| SHORT TITLE:<br>CREDIT CONSULTING SERVICES, INC. v. SCOTT | CASE NUMBER:<br>CL-18-00541 |
|---|---|

**INSTRUCTIONS FOR USE**

➢ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➢ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff      ☐ Defendant      ☒ Cross-Complainant      ☐ Cross-Defendant

RODNEY LYNN MEEKS, individually and in his official capacity;
CHRISTINE LOUISE MEEKS, individually and in her official capacity;
and ROES 1 through 10, inclusive.

Page ____2____ of ____2____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CEB® | Essential
ceb.com | Forms®

1   Fred W. Schwinn (SBN 225575)
    Raeon R. Roulston (SBN 255622)
2   Matthew C. Salmonsen (SBN 302854)
    CONSUMER LAW CENTER, INC.
3   1435 Koll Circle, Suite 104
    San Jose, California 95112-4610
4   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
5   Email Address: fred.schwinn@sjconsumerlaw.com

6
    Attorneys for Defendant/Cross-Complainant
7   CLIFTON JAMES SCOTT

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF SAN BENITO**

10  CREDIT CONSULTING SERVICES, INC.,          Case No. CL-18-00541
11
                                   Plaintiff,   UNLIMITED CIVIL CASE
12  v.                                          (Reclassified by Cross-Complaint)
13  CLIFTON SCOTT, *et al.*,                    **CLASS ACTION CROSS-COMPLAINT**
14                                              **STATUTORY DAMAGES**
                                Defendants.
15  CLIFTON JAMES SCOTT, on behalf of           California Civil Code §§ 1788-1788.33
    himself and all others similarly situated,  15 U.S.C. §§ 1692-1692p
16
                          Cross-Complainant,
17
18  v.
19  CREDIT CONSULTING SERVICES, INC., a
    California corporation; RODNEY LYNN
20  MEEKS, individually and in his official
    capacity; CHRISTINE LOUISE MEEKS,
21  individually and in her official capacity; and
    ROES 1 through 10, inclusive,
22                                              Complaint Filed:    October 30, 2018
                          Cross-Defendants.    Trial Date:         Not Set
23

24          Cross-Complainant, CLIFTON JAMES SCOTT, on behalf of himself and all others

25  similarly situated, based on information and belief and investigation of counsel, except for those

26  allegations which pertain to the named Cross-Complainant or his attorneys (which are alleged on

27  personal knowledge), hereby makes the following allegations:

28

                                        - 1 -

CLASS ACTION CROSS-COMPLAINT                              Case No. CL-18-00541

## INTRODUCTION

1.    This is a consumer class action brought pursuant to the California Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.  Cross-Complainant, CLIFTON SCOTT, on behalf of himself and all persons similarly situated, seeks declaratory relief and an award of statutory damages against Cross-Defendants arising from their routine practice of serving unauthorized collection notices attached to official Court Summons documents, like the one served on Cross-Complainant, which do not comply with the RFDCPA, California Civil Code §§ 1788.16 and 1788.17 and the FDCPA, 15 U.S.C. §§ 1692e(9) and 1692e(11).   As a result, Cross-Defendants have engaged in unlawful acts in connection with their attempt to collect defaulted consumer debts from Cross-Complainant and the Class.

2.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where

- 2 -

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.     Moreover, the California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.   Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## JURISDICTION AND VENUE

4.     The California Superior Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 and California Civil Code § 1788.30(f), which allows enforcement in any court of competent jurisdiction.  The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under which this action is brought do not grant jurisdiction on any other trial court in California.

5.     This Court has jurisdiction over each Cross-Defendant named herein because, based on information and belief, each Cross-Defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render

---

[1]  California Civil Code § 1788.1(a)(1).

CLASS ACTION CROSS-COMPLAINT                                   Case No. CL-18-00541

the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

6.    Venue is proper in the Superior Court for San Benito County, pursuant to California Code of Civil Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Cross-Complaint arise in the County of San Benito.

**PARTIES**

7.    Cross-Complainant, CLIFTON SCOTT (hereinafter "Cross-Complainant"), is a natural person residing in Santa Clara County, California.  Cross-Complainant is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined by California Civil Code § 1788.2(h).

8.    Cross-Defendant, CREDIT CONSULTING SERVICES, INC. (hereinafter "CCS"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 201 John Street, Suite E, Salinas, California 93901.  CCS may be served as follows: Credit Consulting Services, Inc., c/o Rodney Lynn Meeks, 201 John Street, Suite E, Salinas, California 93901.   The principal business of CCS is the collection of defaulted consumer debts due or alleged to be due another.   CCS is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  CCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c).

9.    Cross-Defendant, RODNEY LYNN MEEKS (hereinafter "RODNEY MEEKS"), is a natural person and is or was an employee, agent, officer, and/or director of CCS at all relevant times.  RODNEY MEEKS may be served at his current business address at: Rodney Lynn Meeks, Credit Consulting Services, Inc., 201 John Street, Suite E, Salinas, California 93901.  The principal purpose of

- 4 -

CLASS ACTION CROSS-COMPLAINT

Case No. CL-18-00541

1    RODNEY MEEKS' business is the collection of defaulted consumer debts due or alleged to be due

2    another. RODNEY MEEKS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and

3    California Civil Code § 1788.2(c). Cross-Complainant is informed and believes, and thereon alleges

4    that, RODNEY MEEKS is liable for the acts of CCS because he sets and approves CCS collection

5

6    policies, practices, procedures and he directly participated in or directed the unlawful activities

7    described herein.

8            10.    Cross-Defendant, CHRISTINE LOUISE MEEKS (hereinafter "CHRISTINE

9    MEEKS"), is a natural person and is or was an employee, agent, officer, and/or director of CCS at all

10   relevant times. CHRISTINE MEEKS may be served at her current business address at: Christine Louise

11   Meeks, Credit Consulting Services, Inc., 201 John Street, Suite E, Salinas, California 93901.  The

12   principal purpose of CHRISTINE MEEKS' business is the collection of defaulted consumer debts due

13

14   or alleged to be due another. CHRISTINE MEEKS is a "debt collector" as that term is defined by 15

15   U.S.C. § 1692a(6) and California Civil Code § 1788.2(c). Cross-Complainant is informed and believes,

16   and thereon alleges that, CHRISTINE MEEKS is liable for the acts of CCS because she sets and

17   approves CCS collection policies, practices, procedures and she directly participated in or directed the

18   unlawful activities described herein.

19

20           11.    The true names and capacities, whether individual, corporate, associate,

21   governmental, or otherwise, of Cross-Defendants, ROES 1 through 10, are unknown to Cross-

22   Complainant at this time, who therefore sues said Cross-Defendants by such fictitious names.  When

23   the true names and capacities of said Cross-Defendants have been ascertained, Cross-Complainant will

24   amend this Cross-Complaint accordingly.  Cross-Complainant is informed and believes, and thereon

25   alleges, that each Cross-Defendant designated herein as a ROE is responsible, negligently or in some

26   other actionable manner, for the events and happenings hereinafter referred to, and caused damages

27

28

CLASS ACTION CROSS-COMPLAINT                                        Case No. CL-18-00541

1  thereby to the Cross-Complainant, as hereinafter alleged. Cross-Defendant, ROES 1-10, are, and each

2  of them is, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code

3  § 1788.2(c).

4        12.    At all times herein mentioned, each of the Cross-Defendants was the agent,

5  servant, employee, and/or joint venturer of his/her/its Co-Defendants, and each of them, and at all said

6  times, each Cross-Defendant was acting in the full course and scope of said agency, service,

7  employment, and/or joint venture. Any reference hereafter to "Cross-Defendants" without further

8  qualification is meant by Cross-Complainant to refer to each Cross-Defendant, and all of them, named

9  above.

10        13.    Cross-Complainant is informed and believes, and thereon alleges that at all times

11  herein mentioned, Cross-Defendants, ROES 1-10, inclusive, were and are individuals, corporations,

12  partnerships, unincorporated associations, sole proprietorships, and/or other business entities organized

13  and existing under and by virtue of the laws of the State of California, or the laws of some other state or

14  foreign jurisdiction, and that said Cross-Defendants, and each of them, have regularly conducted

15  business in the County of San Benito, State of California.

16                              **FACTUAL ALLEGATIONS**

17        14.    On a date or dates unknown to Cross-Complainant, Cross-Complainant is alleged

18  to have incurred one or more financial obligations in the form of consumer medical accounts issued by

19  HAZEL HAWKINS MEMORIAL HOSPITAL (hereinafter the "alleged debt"). Cross-Complainant

20  generally denies that any debt is owed. The alleged debt to HAZEL HAWKINS MEMORIAL

21  HOSPITAL, was primarily for personal, family, or household purposes and is therefore a "debt" as that

22  term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by California

23  Civil Code § 1788.2(f).

CLASS ACTION CROSS-COMPLAINT                                      Case No. CL-18-00541

15.   Cross-Complainant is informed and believes, and thereon alleges that, the alleged debt was sold, consigned, or otherwise transferred to Cross-Defendants for collection purposes.

16.   Thereafter, on or about October 30, 2018, Cross-Defendants filed this action in an attempt to collect the alleged debt.

17.   Cross-Complainant is informed and believes, and thereon alleges that, the Clerk of the Superior Court duly issued its <u>Summons</u> in this action on October 30, 2018.

18.   Thereafter, Cross-Defendants attached a collection notice of their own creation and design, and printed on bright yellow paper, to the Court's official <u>Summons</u> with a staple and served the same on Cross-Complainant.

19.   A true and accurate copy of Cross-Defendants' collection notice stapled to the Court's official <u>Summons</u> that was received by Cross-Complainant in this action is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

20.   Cross-Defendants' collection notice stapled to the Court's official <u>Summons</u> (Exhibit "1") gives the appearance of being authorized, issued, or approved by the Court, in violation of the RFDCPA, California Civil Code § 1788.16, and the FDCPA, 15 U.S.C. § 1692e(9).

21.   Cross-Defendants' collection notice stapled to the Court's official <u>Summons</u> (Exhibit "1") is a "communication" in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2).

22.   Cross-Defendants' collection notice stapled to the Court's official <u>Summons</u> (Exhibit "1") fails to contain the notice required by the FDCPA, 15 U.S.C. § 1692e(11).

## CROSS-DEFENDANTS' ROUTINE PRACTICES

23.   It is the standard practice and policy of Cross-Defendants to serve collection notices stapled to official Court Summonses in the form of Exhibit "1" which seek to collect defaulted

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

1    consumer debts incurred for personal, family, or household purposes.

2            24.   It is the standard practice and policy of Cross-Defendants to serve collection

3    notices stapled to official Court Summonses in the form of Exhibit "1" which give the appearance of

4    being authorized, issued, or approved by the Court, in violation of California Civil Code § 1788.16 and

5    15 U.S.C. § 1692e(9).

6

7            25.   It is the standard practice and policy of Cross-Defendants to serve collection

8    notices stapled to official Court Summonses in the form of Exhibit "1" which fail to contain the notice

9    required by 15 U.S.C. § 1692e(11).

10                              **CLASS ALLEGATIONS**

11

12           26.   Cross-Complainant brings this action on behalf of a class of all other persons

13   similarly situated.

14           27.   Cross-Complainant tentatively defines the Class as (i) all persons with addresses

15   in California (ii) to whom Cross-Defendants sent, or caused to be sent, a collection notice stapled to a

16   Summons in the form of Exhibit "1," (iii) in an attempt to collect a defaulted consumer debt, (iv)

17   during the period one year prior to the date of filing this action through the date of class certification.

18

19           28.   Excluded from the Class would be any officers, directors, or legal representatives

20   of Cross-Defendants, and any judge, justice, or judicial officer presiding over this matter and the

21   members of their immediate families and judicial staff.  Cross-Complainant reserves the right to modify

22   the Class definition and class period based on the results of discovery.

23

24           29.   The Class is so numerous that joinder of all members is impractical.   On

25   information and belief, collection notices stapled to official Court Summonses in the form of Exhibit

26   "1" have been served on dozens, if not hundreds of California Class members.

27           30.   Cross-Defendants have acted with respect to the Class, in a manner generally

28

CLASS ACTION CROSS-COMPLAINT                                Case No. CL-18-00541

applicable to Cross-Complainant and each Class member.   There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all Class members. Questions of law and fact common to the Class predominate over any questions peculiar to individual Class members.   The common questions include:

a.     Whether Cross-Defendants are debt collectors;

b.     Whether Cross-Defendants sent Cross-Complainant and the Class a collection notice stapled to a Summons in the form of Exhibit "1," which give the appearance of being authorized, issued, or approved by the Court, in violation of California Civil Code § 1788.16 and 15 U.S.C. § 1692e(9); and

c.     Whether Cross-Defendants sent Cross-Complainant and the Class a collection notice stapled to a Summons in the form of Exhibit "1," which failed to contain the notice required by 15 U.S.C. § 1692e(11).

31.     There are no individual questions of law or fact, other than whether Cross-Defendants served an offending collection notice stapled to a Summons on the Class member, which can be determined by ministerial inspection of Cross-Defendants' records.

32.     Cross-Complainant will fairly and adequately represent and protect the interest of the Class members.   Cross-Complainant is committed to vigorously litigating this matter.   Cross-Complainant has retained counsel experienced in handling class claims and litigation brought pursuant to various consumer protection statutes, including the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA."), and the California Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 ("CFDBPA").   Neither Cross-Complainant nor his counsel have any interests which might cause them not to vigorously pursue this claim.   Cross-

CLASS ACTION CROSS-COMPLAINT

Case No. CL-18-00541

1  Complainant and his counsel will vigorously pursue this matter.

2          33.    Cross-Complainant's claims are typical of the claims of the other members of the

3  Class in that Cross-Complainant and other Class members were similarly harmed by the actions of

4  Cross-Defendants and the claims alleged herein all arise from the same operative facts and are based on

5  the same legal theories.  Cross-Complainant is a member of the Class he seeks to represent and he has

6

7  suffered harm due to the unfair, deceptive, and unlawful practices of Cross-Defendants.

8          34.    Cross-Defendants have acted or refused to act, with respect to some or all issues

9  presented in this Cross-Complaint, on grounds generally applicable to the Class, thereby making it

10  appropriate to provide relief with respect to the Class as a whole.

11

12          35.    A class action is a superior method for the fair and efficient adjudication of this

13  controversy.  Most of the Class members who received collection notices stapled to Summonses in the

14  form of Exhibit "1" have no knowledge that their rights are being violated by illegal collection

15  practices.  The interest of the Class members in individually controlling the prosecution of separate

16  claims against Cross-Defendants is small because the maximum damages in an individual action are

17

18  $1,000, pursuant to California Civil Code § 1788.17, and 15 U.S.C. § 1692k(1)(2)(A).  Management of

19  this class action is likely to present significantly fewer difficulties than those presented in many other

20  class actions.

21          36.    A class action is the best available method of the efficient adjudication of this

22  litigation because individual litigation of Class members' claims would be impracticable and unduly

23  burdensome to the courts, and have the potential to result in inconsistent or contradictory judgments.

24

25  There are no unusual difficulties likely to be encountered in the management of this litigation as a class

26  action. A class action presents fewer management problems and provides the benefits of single

27  adjudication, economies of scale, and comprehensive supervision by a single court.

28

- 10 -

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

37.   Certification of the Class under California Code of Civil Procedure § 382 is appropriate in that:

a.   The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

b.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.   Certification of a class under California Code of Civil Procedure § 382 is also appropriate in that Cross-Defendants acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

39.   Cross-Complainant and the Class are entitled to an award of attorney fees and costs against Cross-Defendants, pursuant to the RFDCPA, California Civil Code § 1788.17, and the FDCPA, 15 U.S.C. 1692k(a)(3).

## FIRST CAUSE OF ACTION

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

40.   Cross-Complainant brings the first cause of action against Cross-Defendants on behalf of himself and the Class, under the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

41.   Cross-Complainant repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

42.   Cross-Complainant is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

43.   Cross-Defendant, CCS, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

CLASS ACTION CROSS-COMPLAINT                                        Case No. CL-18-00541

44.     Cross-Defendant, RODNEY MEEKS, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

45.     Cross-Defendant, CHRISTINE MEEKS, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

46.     The financial obligation alleged to be owed by Cross-Complainant to Cross-Defendant, CCS, is a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

47.     Cross-Defendants' collection notice stapled to the Summons gives the appearance of being authorized, issued, or approved by the Court, in violation of California Civil Code §§ 1788.16 and 1788.17.[2]

48.     Cross-Defendants failed to include the notice required by 15 U.S.C. § 1692e(11) in their collection notice, in violation of California Civil Code § 1788.17.[3]

49.     As a result of Cross-Defendants' violations of the RFDCPA, Cross-Complainant is entitled to an award of statutory damages in an amount not to exceed $1,000, pursuant to California Civil Code § 1788.17.[4]

50.     As a result of Cross-Defendants' violations of the RFDCPA, the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Cross-Defendant, pursuant to California Civil Code § 1788.17.[5]

51.     As a result of Cross-Defendants' violations of the RFDCPA, Cross-Complainant and the Class are entitled to an award of reasonable attorney's fees and costs, pursuant to California Civil Code § 1788.17.[6]

---

[2] Incorporating by reference 15 U.S.C. §§ 1692e(9).
[3] Incorporating by reference 15 U.S.C. §§ 1692e(11).
[4] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).
[5] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).
[6] Incorporating by reference 15 U.S.C. §§ 1692k(a)(3).

CLASS ACTION CROSS-COMPLAINT                                   Case No. CL-18-00541

52.   Pursuant to California Civil Code § 1788.32, the remedies provided under California Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Cross-Complainant and the Class may have under any other provision of law.

## SECOND CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

53.   Cross-Complainant brings the second cause of action against Cross-Defendants on behalf of himself and the Class, under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

54.   Cross-Complainant repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.   Cross-Complainant is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

56.   Cross-Defendant, CCS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

57.   Cross-Defendant, RODNEY MEEKS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

58.   Cross-Defendant, CHRISTINE MEEKS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

59.   The financial obligation alleged to be owed by Cross-Complainant is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

60.   Cross-Defendants' collection notice stapled to the Summons gives the appearance of being authorized, issued, or approved by the Court, in violation of 15 U.S.C. § 1692e(9).

61.   Cross-Defendants' collection notice failed to include the notice required by 15

- 13 -

CLASS ACTION CROSS-COMPLAINT                    Case No. CL-18-00541

1 U.S.C. § 1692e(11).

2    62.    As a result of Cross-Defendants' violations of the FDCPA, Cross-Complainant is

3 entitled to an award of statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§

4 1692k(a)(2)(A) and (B)(i).

5

6    63.    As a result of Cross-Defendants' violations of the FDCPA, the Class is entitled to

7 an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars

8 ($500,000) or 1 percent of the net worth of each Cross-Defendant, pursuant to 15 U.S.C. §§ 1692k(a)(2)

9 (B)(ii).

10    64.    As a result of Cross-Defendants' violations of the FDCPA, Cross-Complainant

11 and the Class are entitled to an award of reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§

12 1692k(a)(3).

13

14                **REQUEST FOR RELIEF**

15    Cross-Complainant requests that this Court:

16    a)   Assume jurisdiction in this proceeding;

17    b)   Declare that Cross-Defendants violated the Rosenthal Fair Debt Collection
18        Practices Act, California Civil Code §§ 1788.16 and 1788.17;

19

20    c)   Declare that Cross-Defendants violated the Fair Debt Collection Practices Act,
21        15 U.S.C. §§ 1692e(9) and 1692e(11);

22    d)   Award Cross-Complainant statutory damages in an amount not to exceed $1,000,
23        pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i);

24

25    e)   Award the Class statutory damages in an amount not to exceed the lesser of five
26        hundred thousand dollars ($500,000) or 1 percent of the net worth of each Cross-
27        Defendant, pursuant to California Civil Code § 1788.17;[7]

28

[7] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

- 14 -

1    f)   Award Cross-Complainant and the Class the costs of this action and reasonable

2         attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code §§

3         1788.17; and

4    g)   Award Cross-Complainant and the Class such other and further relief as may be

5         just and proper.

7                                              CONSUMER LAW CENTER, INC.

9    Dated:  December 19, 2018          By: _____
                                              ☒ Fred W. Schwinn (SBN 225575)
10                                            ☐ Raeon R. Roulston (SBN 255622)
                                              ☐ Matthew C. Salmonsen (SBN 302854)
11                                            CONSUMER LAW CENTER, INC.
                                              1435 Koll Circle, Suite 104
12                                            San Jose, California  95112-4610
                                              Telephone Number: (408) 294-6100
13                                            Facsimile Number: (408) 294-6190
14                                            Email Address: fred.schwinn@sjconsumerlaw.com

15                                            Attorneys for Defendant/Cross-Complainant
16                                            CLIFTON SCOTT

- 15 -

CLASS ACTION CROSS-COMPLAINT                              Case No. CL-18-00541

SUMMONS

SUM-100

(CITACION JUDIC

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  CLIFTON SCOTT

  and Does 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDA*
  CREDIT CONSULTING SERVICES,INC
  a California Corporation

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

NOTICE! You have been sued. The court may
Read the information below..
    You have 30 CALENDAR DAYS after this su
and have a copy served on the plaintiff. A let
legal form if you want the court to hear your c
find these court forms and more information i
your county law library, or the courthouse ne
if you do not file your response on time, you
without further warning from the court.
    There are other legal requirements. You m
want to call an attorney referral service. If yo
nonprofit legal services program. You can loc
(www.lawhelpcalifornia.org), the California C
your local court or county bar association. N
or arbitration award of $10,000 or more in a c
AVISO! Lo han demandado. Si no responde
la información a continuación.
    Tiene 30 DIAS DE CALENDARIO despues
por escrito en esta corte y hacer que se ent
Su respuesta por escrito tiene que estar en
haya un formulario que usted pueda usar p.
informacion en el Centro de Ayuda de las C
leyes de su condado o en la corte que le q
de la corte que le de un formulario de exen
caso por incumplimiento y la corte le podra
    Hay otros requisitos legales. Es recomer
llamar a un servicio de remision a abogado
obtener servicios legales gratuitos de un p
fines de lucro en el sitio web de California
de California, (www.courtinfo.ca.gov/selfh
AVISO: Por ley, la corte tiene derecho a rec
recuperacion de $10,000 o mas de valor re
Tiene que pagar el gravamen de la corte a

... heard unless you respond within 30 days.

... n you to file a written response at this court
... Your written response must be in proper
... you can use for your response. You can
... elp Center (www.courtinfo.ca.gov/selfhelp),
... fee, ask the court clerk for a fee waiver form.
... r wages, money, and property may be taken

... If you do not know an attorney, you may
... y be eligible for free legal services from a
... alifornia Legal Services Web site
... courtinfo.ca.gov/selfhelp), or by contacting
... waived fees and costs on any settlement
... uld before the court will dismiss the case.
... dir un su contra sin escucher su version. Lea

... apeles legales para presentar una respuesta
... carta o una llamada telefónica NO lo protegen.
... procesen su caso en la corte. Es posible que
... stos formularios de la corte
... a.gov/selfhelp/espanol/), en la biblioteca de
... cuota de presentacion, pida al secretario
... su cuota de presentacion, pida al secretario
... n mas advertencia.

... diatamente. Si no conoce a un abogado, puede
... es posible que cumpla con los requisitos para
... es du lucro. Puede encontrar estos grupos sin
... nia.org), en el Centro de Ayuda de las Cortes
... cto con la corte o el colegio de abogados locales.
... os por imponer un gravamen sobre cualquier
... onocesion de arbitraje en un caso de derecho civil.
... el caso.

The name and address of the court is:
*(El nombre y direccion de la corte es):*
  SUPERIOR COURT OF CALIFORN:
  LIMITED CIVIL
  450 FOURTH STREET/HOLLISTE

CASE NUMBER:
*(Número del Caso):*  CU18-00541

The name, address, and telephone number o
*(El nombre, la direccion y el numero de telef
  HERENDEEN & BRYAN  (831) 7
  MacDonald Bryan/State Lic.
  119 Cayuga Street/P O Box
  Salinas, CA 93902

... attorney, is:
*... l demandante que no tiene abogado, es):*

DATE:
*(Fecha)*   OCT 3 0 2018

, Deputy
*(Adjunto)*
ALISHA GARCIA

(For proof of service of this summons, use P ... S-010)).
*(Para prueba de entrega de esta citation use ... mons, (POS-010)).*

[SEAL]

(SEAL)

**NOTICE TO THE PERSON SERVED: You are served**
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other: *(specify):*
4. [ ] by personal delivery on *(date):*

EXHIBIT
1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure par. 412.20, 465