Mark E. Ellis - 127159
Lawrence K. Iglesias - 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
iglesias@ellislawgrp.com

Attorneys for Cross-Defendant CREDIT CONSULTING SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT CONSULTING SERVICES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLIFTON SCOTT,<br><br>　　　　Defendant.<br>―――――――――――――――<br>AND RELATED CROSS-ACTION | Federal Case No:<br><br>San Benito County Case No.: CL-18-00541<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL** |

I, Jennifer E. Mueller, certify and declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 1425 River Park Drive, Suite 400 which is located in the city and county of Sacramento, California.

On January 18, 2019, I deposited into the U.S. mail a copy of the Notice to Adverse Party of Removal to Federal Court, a copy of which is attached to this Certificate as **Exhibit 1**, to Cross-Complainant Clifton Scott, through her attorney of record, Fred Schwinn of the Consumer Law Center, Inc., located at 1435 Koll Circle, Suite 104, San Jose, California, 95112-4610.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 18, 2019

By _____
　　　Jennifer E. Mueller

- 1 -

# EXHIBIT 1

1  Mark E. Ellis - 127159
   Lawrence K. Iglesias - 303700
2  ELLIS LAW GROUP, LLP
   1425 River Park Drive, Suite 400
3  Sacramento, CA  95815
   Tel: (916) 283-8820
4  Fax: (916) 283-8821

5  Attorneys for Cross-Defendant CREDIT CONSULTING SERVICES

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SAN BENITO

10

11  CREDIT CONSULTING SERVICES          Case No.:  CL-18-00541

12         Plaintiff,                   **CROSS-DEFENDANT CREDIT
                                        CONSULTING SERVICES' NOTICE TO
13  v.                                  ADVERSE PARTY OF REMOVAL TO
                                        FEDERAL COURT**
14  CLIFTON SCOTT,

15         Defendant.

16  _____

17  AND RELATED CROSS-ACTION

18         To Cross-Complainant CLIFTON SCOTT, and the Superior Court of San Benito County:

19         PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United

20  States District Court for the Northern District of California on January 18, 2019, federal case number

21  pending.

22         A copy of the said Notice of Removal is attached to this Notice as **Exhibit 1**, and is served and

23  filed herewith.

24  Dated: January 18, 2019

25                        ELLIS LAW GROUP, LLP

26                        By _____
                             Lawrence K. Iglesias
27                           Attorney for Cross-Defendant
                             CREDIT CONSULTING SERVICES
28                        **CERTIFICATE OF SERVICE**

                                    - 1 -

# EXHIBIT 1

1  Mark E. Ellis - 127159
2  Lawrence K. Iglesias - 303700
   ELLIS LAW GROUP LLP
3  1425 River Park Drive, Suite 400
   Sacramento, CA  95815
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5  mellis@ellislawgrp.com
   iglesias@ellislawgrp.com

6  Attorneys for Cross-Defendant CREDIT CONSULTING SERVICES

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 CREDIT CONSULTING SERVICES,          Federal Case No:

12       Plaintiff,                     San Benito County Case No.:  CL-18-00541

13 v.                                   **CROSS-DEFENDANT CREDIT
                                        CONSULTING SERVICES' NOTICE
14 CLIFTON SCOTT,                       OF REMOVAL OF ACTION UNDER
                                        28 U.S.C. § 1441 (FEDERAL
15       Defendant.                     QUESTION)**

16

17 AND RELATED CROSS-ACTION

18

19       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20       PLEASE TAKE NOTICE that Cross-Defendant hereby removes to this Court the state court

21 action described below:

22       1.      On December 19, 2018, an action was commenced in Superior Court, State of

23 California, San Benito County, entitled CLIFTON SCOTT, Cross-Complainant, v CREDIT

24 CONSULTING SERVICES, Cross-Defendant, as case number CL-18-00541.

25       2.      On or about December 19, 2018, CREDIT CONSULTING SERVICES was served

26 with the Summons Cross-Complaint and Cross-Complaint, attached hereto as **Exhibit A**.

27       3.      This Court has jurisdiction to hear this case because this action is a civil action of which

28 this Court has original jurisdiction under 28 U.S.C. § 1331 of Cross-Plaintiff's federal claims and

                                   - 1 -

1  supplemental jurisdiction under 28 U.S.C. § 1367 of Cross-Plaintiff's related state law claims, and is

2  one which may be removed to this Court by cross-defendant pursuant to the provisions of 28 U.S.C. §

3  1441(a) in that it arises under the federal Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*).

4  Dated: January 18, 2019

5                                      ELLIS LAW GROUP LLP

6                          By   */s/ Lawrence K. Iglesias*

7                                      Lawrence K. Iglesias
                                       Attorney for Cross-Defendant
8                                      CROSS-DEFENDANT CREDIT CONSULTING
                                       SERVICES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROSS-DEFENDANT CREDIT CONSULTING SERVICES' NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT A

SUM-110

# SUMMONS
## Cross-Complaint
### *(CITACION JUDICIAL-CONTRADEMANDA)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*
CLIFTON JAMES SCOTT, on behalf of himself and all others similarly situated.
**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*

CREDIT CONSULTING SERVICES, INC., a California corporation;
Additional Parties Attachment for is attached.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o oniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Benito County Superior Court
440 5th Street, Room 205
Hollister, CA 95023

SHORT NAME OF CASE *(from Complaint)*: *(Nombre de Caso):*
CREDIT CONSULTING SERVICES v. SCOTT

CASE NUMBER: *(Número del Caso):*
CL-18-00541

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):* Fred W. Schwinn (SBN 225575)
Consumer Law Center, Inc.
(408) 294-6100

1435 Koll Circle, Suite 104
San Jose, California 95112-4610

DATE: _____   Clerk, by _____, Deputy
*(Fecha)*                             *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-110 [Rev. July 1, 2009]

CEB
ceb.com

Essential
Forms

SUMMONS - CROSS-COMPLAINT

Code of Civil Procedure, §§ 412.20, 428.60, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE:<br>CREDIT CONSULTING SERVICES, INC. v. SCOTT | CASE NUMBER:<br>CL-18-00541 |
| --- | --- |

## INSTRUCTIONS FOR USE

➢ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➢ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

☐ Plaintiff    ☐ Defendant    ☒ Cross-Complainant    ☐ Cross-Defendant

RODNEY LYNN MEEKS, individually and in his official capacity;
CHRISTINE LOUISE MEEKS, individually and in her official capacity;
and ROES 1 through 10, inclusive.

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CEB Essential Forms
ceb.com

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  Matthew C. Salmonsen (SBN 302854)
   CONSUMER LAW CENTER, INC.
3  1435 Koll Circle, Suite 104
   San Jose, California 95112-4610
4  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6  Attorneys for Defendant/Cross-Complainant
7  CLIFTON JAMES SCOTT

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF SAN BENITO**

10 | CREDIT CONSULTING SERVICES, INC.,     | Case No. CL-18-00541 |
11 |                          Plaintiff,    |                       |
12 | v.                                     | UNLIMITED CIVIL CASE  |
   |                                        | (Reclassified by Cross-Complaint) |
13 | CLIFTON SCOTT, *et al.*,               |                       |
14 |                         Defendants.    | **CLASS ACTION CROSS-COMPLAINT STATUTORY DAMAGES** |
15 | CLIFTON JAMES SCOTT, on behalf of himself and all others similarly situated, | California Civil Code §§ 1788-1788.33 |
16 |                                        | 15 U.S.C. §§ 1692-1692p |
   |                    Cross-Complainant,  |                       |
17 | v.                                     |                       |
18 |                                        |                       |
19 | CREDIT CONSULTING SERVICES, INC., a California corporation; RODNEY LYNN |   |
20 | MEEKS, individually and in his official capacity; CHRISTINE LOUISE MEEKS, |   |
21 | individually and in her official capacity; and ROES 1 through 10, inclusive, |  |
22 |                   Cross-Defendants.    | Complaint Filed:    October 30, 2018 |
23 |                                        | Trial Date:         Not Set |

24          Cross-Complainant, CLIFTON JAMES SCOTT, on behalf of himself and all others

25 similarly situated, based on information and belief and investigation of counsel, except for those

26 allegations which pertain to the named Cross-Complainant or his attorneys (which are alleged on

27 personal knowledge), hereby makes the following allegations:

28

---

                                        - 1 -

CLASS ACTION CROSS-COMPLAINT                              Case No. CL-18-00541

## INTRODUCTION

1.    This is a consumer class action brought pursuant to the California Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.  Cross-Complainant, CLIFTON SCOTT, on behalf of himself and all persons similarly situated, seeks declaratory relief and an award of statutory damages against Cross-Defendants arising from their routine practice of serving unauthorized collection notices attached to official Court Summons documents, like the one served on Cross-Complainant, which do not comply with the RFDCPA, California Civil Code §§ 1788.16 and 1788.17 and the FDCPA, 15 U.S.C. §§ 1692e(9) and 1692e(11).  As a result, Cross-Defendants have engaged in unlawful acts in connection with their attempt to collect defaulted consumer debts from Cross-Complainant and the Class.

2.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where

CLASS ACTION CROSS-COMPLAINT                    Case No. CL-18-00541

1   abusive debt collection practices are purely intrastate in character, they nevertheless directly

2   affect interstate commerce.

3          e.    It is the purpose of this title to eliminate abusive debt collection practices by

4
5   debt collectors, to insure that those debt collectors who refrain from using abusive debt

6   collection practices are not competitively disadvantaged, and to promote consistent State action

7   to protect consumers against debt collection abuses.

8          3.    Moreover, the California Legislature has found that:

9
10        The banking and credit system and grantors of credit to consumers are
dependent upon the collection of just and owing debts. Unfair or

11        deceptive collection practices undermine the public confidence which is
essential to the continued functioning of the banking and credit system

12        and sound extensions of credit to consumers.[1]

13                    **JURISDICTION AND VENUE**

14          4.    The California Superior Court has jurisdiction over this action pursuant to

15   California Code of Civil Procedure § 410.10 and California Civil Code § 1788.30(f), which allows

16   enforcement in any court of competent jurisdiction. The California Superior Court has jurisdiction over

17   this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court

18
19   "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under

20   which this action is brought do not grant jurisdiction on any other trial court in California.

21          5.    This Court has jurisdiction over each Cross-Defendant named herein because, based

22   on information and belief, each Cross-Defendant is a corporation or association authorized to do

23   business in California and registered with the California Secretary of State, or does sufficient business,

24
25   has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally

26   avails itself of the California market through the promotion, sale, marketing and/or distribution of

27   goods and services in California and thereby having such other contacts with California so as to render

28   [1] California Civil Code § 1788.1(a)(1).

---

CLASS ACTION CROSS-COMPLAINT                      Case No. CL-18-00541

the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

6.   Venue is proper in the Superior Court for San Benito County, pursuant to California Code of Civil Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Cross-Complaint arise in the County of San Benito.

**PARTIES**

7.   Cross-Complainant, CLIFTON SCOTT (hereinafter "Cross-Complainant"), is a natural person residing in Santa Clara County, California.  Cross-Complainant is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined by California Civil Code § 1788.2(h).

8.   Cross-Defendant, CREDIT CONSULTING SERVICES, INC. (hereinafter "CCS"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 201 John Street, Suite E, Salinas, California 93901.  CCS may be served as follows: Credit Consulting Services, Inc., c/o Rodney Lynn Meeks, 201 John Street, Suite E, Salinas, California 93901.   The principal business of CCS is the collection of defaulted consumer debts due or alleged to be due another.   CCS is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  CCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c).

9.   Cross-Defendant, RODNEY LYNN MEEKS (hereinafter "RODNEY MEEKS"), is a natural person and is or was an employee, agent, officer, and/or director of CCS at all relevant times. RODNEY MEEKS may be served at his current business address at: Rodney Lynn Meeks, Credit Consulting Services, Inc., 201 John Street, Suite E, Salinas, California 93901.  The principal purpose of

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

RODNEY MEEKS' business is the collection of defaulted consumer debts due or alleged to be due another. RODNEY MEEKS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c). Cross-Complainant is informed and believes, and thereon alleges that, RODNEY MEEKS is liable for the acts of CCS because he sets and approves CCS collection policies, practices, procedures and he directly participated in or directed the unlawful activities described herein.

10. Cross-Defendant, CHRISTINE LOUISE MEEKS (hereinafter "CHRISTINE MEEKS"), is a natural person and is or was an employee, agent, officer, and/or director of CCS at all relevant times. CHRISTINE MEEKS may be served at her current business address at: Christine Louise Meeks, Credit Consulting Services, Inc., 201 John Street, Suite E, Salinas, California 93901. The principal purpose of CHRISTINE MEEKS' business is the collection of defaulted consumer debts due or alleged to be due another. CHRISTINE MEEKS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c). Cross-Complainant is informed and believes, and thereon alleges that, CHRISTINE MEEKS is liable for the acts of CCS because she sets and approves CCS collection policies, practices, procedures and she directly participated in or directed the unlawful activities described herein.

11. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Cross-Defendants, ROES 1 through 10, are unknown to Cross-Complainant at this time, who therefore sues said Cross-Defendants by such fictitious names. When the true names and capacities of said Cross-Defendants have been ascertained, Cross-Complainant will amend this Cross-Complaint accordingly. Cross-Complainant is informed and believes, and thereon alleges, that each Cross-Defendant designated herein as a ROE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

thereby to the Cross-Complainant, as hereinafter alleged.  Cross-Defendant, ROES 1-10, are, and each of them is, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c).

12.     At all times herein mentioned, each of the Cross-Defendants was the agent, servant, employee, and/or joint venturer of his/her/its Co-Defendants, and each of them, and at all said times, each Cross-Defendant was acting in the full course and scope of said agency, service, employment, and/or joint venture.   Any reference hereafter to "Cross-Defendants" without further qualification is meant by Cross-Complainant to refer to each Cross-Defendant, and all of them, named above.

13.     Cross-Complainant is informed and believes, and thereon alleges that at all times herein mentioned, Cross-Defendants, ROES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships, and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Cross-Defendants, and each of them, have regularly conducted business in the County of San Benito, State of California.

## FACTUAL ALLEGATIONS

14.     On a date or dates unknown to Cross-Complainant, Cross-Complainant is alleged to have incurred one or more financial obligations in the form of consumer medical accounts issued by HAZEL HAWKINS MEMORIAL HOSPITAL (hereinafter the "alleged debt").   Cross-Complainant generally denies that any debt is owed.   The alleged debt to HAZEL HAWKINS MEMORIAL HOSPITAL, was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

- 6 -

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

15. Cross-Complainant is informed and believes, and thereon alleges that, the alleged debt was sold, consigned, or otherwise transferred to Cross-Defendants for collection purposes.

16. Thereafter, on or about October 30, 2018, Cross-Defendants filed this action in an attempt to collect the alleged debt.

17. Cross-Complainant is informed and believes, and thereon alleges that, the Clerk of the Superior Court duly issued its <u>Summons</u> in this action on October 30, 2018.

18. Thereafter, Cross-Defendants attached a collection notice of their own creation and design, and printed on bright yellow paper, to the Court's official <u>Summons</u> with a staple and served the same on Cross-Complainant.

19. A true and accurate copy of Cross-Defendants' collection notice stapled to the Court's official <u>Summons</u> that was received by Cross-Complainant in this action is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

20. Cross-Defendants' collection notice stapled to the Court's official <u>Summons</u> (Exhibit "1") gives the appearance of being authorized, issued, or approved by the Court, in violation of the RFDCPA, California Civil Code § 1788.16, and the FDCPA, 15 U.S.C. § 1692e(9).

21. Cross-Defendants' collection notice stapled to the Court's official <u>Summons</u> (Exhibit "1") is a "communication" in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2).

22. Cross-Defendants' collection notice stapled to the Court's official <u>Summons</u> (Exhibit "1") fails to contain the notice required by the FDCPA, 15 U.S.C. § 1692e(11).

### CROSS-DEFENDANTS' ROUTINE PRACTICES

23. It is the standard practice and policy of Cross-Defendants to serve collection notices stapled to official Court Summonses in the form of Exhibit "1" which seek to collect defaulted

---

CLASS ACTION CROSS-COMPLAINT                                                    Case No. CL-18-00541

consumer debts incurred for personal, family, or household purposes.

24.     It is the standard practice and policy of Cross-Defendants to serve collection notices stapled to official Court Summonses in the form of Exhibit "1" which give the appearance of being authorized, issued, or approved by the Court, in violation of California Civil Code § 1788.16 and 15 U.S.C. § 1692e(9).

25.     It is the standard practice and policy of Cross-Defendants to serve collection notices stapled to official Court Summonses in the form of Exhibit "1" which fail to contain the notice required by 15 U.S.C. § 1692e(11).

## CLASS ALLEGATIONS

26.     Cross-Complainant brings this action on behalf of a class of all other persons similarly situated.

27.     Cross-Complainant tentatively defines the Class as (i) all persons with addresses in California (ii) to whom Cross-Defendants sent, or caused to be sent, a collection notice stapled to a Summons in the form of Exhibit "1," (iii) in an attempt to collect a defaulted consumer debt, (iv) during the period one year prior to the date of filing this action through the date of class certification.

28.     Excluded from the Class would be any officers, directors, or legal representatives of Cross-Defendants, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.  Cross-Complainant reserves the right to modify the Class definition and class period based on the results of discovery.

29.     The Class is so numerous that joinder of all members is impractical.   On information and belief, collection notices stapled to official Court Summonses in the form of Exhibit "1" have been served on dozens, if not hundreds of California Class members.

30.     Cross-Defendants have acted with respect to the Class, in a manner generally

- 8 -

applicable to Cross-Complainant and each Class member. There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all Class members. Questions of law and fact common to the Class predominate over any questions peculiar to individual Class members. The common questions include:

        a.    Whether Cross-Defendants are debt collectors;

        b.    Whether Cross-Defendants sent Cross-Complainant and the Class a collection notice stapled to a Summons in the form of Exhibit "1," which give the appearance of being authorized, issued, or approved by the Court, in violation of California Civil Code § 1788.16 and 15 U.S.C. § 1692e(9); and

        c.    Whether Cross-Defendants sent Cross-Complainant and the Class a collection notice stapled to a Summons in the form of Exhibit "1," which failed to contain the notice required by 15 U.S.C. § 1692e(11).

     31.    There are no individual questions of law or fact, other than whether Cross-Defendants served an offending collection notice stapled to a Summons on the Class member, which can be determined by ministerial inspection of Cross-Defendants' records.

     32.    Cross-Complainant will fairly and adequately represent and protect the interest of the Class members. Cross-Complainant is committed to vigorously litigating this matter. Cross-Complainant has retained counsel experienced in handling class claims and litigation brought pursuant to various consumer protection statutes, including the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA."), and the California Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 ("CFDBPA"). Neither Cross-Complainant nor his counsel have any interests which might cause them not to vigorously pursue this claim. Cross-

- 9 -

1    Complainant and his counsel will vigorously pursue this matter.

2        33.    Cross-Complainant's claims are typical of the claims of the other members of the

3    Class in that Cross-Complainant and other Class members were similarly harmed by the actions of

4    Cross-Defendants and the claims alleged herein all arise from the same operative facts and are based on

5    the same legal theories.  Cross-Complainant is a member of the Class he seeks to represent and he has

6    suffered harm due to the unfair, deceptive, and unlawful practices of Cross-Defendants.

7

8        34.    Cross-Defendants have acted or refused to act, with respect to some or all issues

9    presented in this Cross-Complaint, on grounds generally applicable to the Class, thereby making it

10   appropriate to provide relief with respect to the Class as a whole.

11       35.    A class action is a superior method for the fair and efficient adjudication of this

12   controversy.  Most of the Class members who received collection notices stapled to Summonses in the

13   form of Exhibit "1" have no knowledge that their rights are being violated by illegal collection

14   practices.  The interest of the Class members in individually controlling the prosecution of separate

15   claims against Cross-Defendants is small because the maximum damages in an individual action are

16   $1,000, pursuant to California Civil Code § 1788.17, and 15 U.S.C. § 1692k(1)(2)(A).  Management of

17   this class action is likely to present significantly fewer difficulties than those presented in many other

18   class actions.

19

20       36.    A class action is the best available method of the efficient adjudication of this

21   litigation because individual litigation of Class members' claims would be impracticable and unduly

22   burdensome to the courts, and have the potential to result in inconsistent or contradictory judgments.

23   There are no unusual difficulties likely to be encountered in the management of this litigation as a class

24   action. A class action presents fewer management problems and provides the benefits of single

25   adjudication, economies of scale, and comprehensive supervision by a single court.

26

27

28

- 10 -

37.    Certification of the Class under California Code of Civil Procedure § 382 is appropriate in that:

  a.    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

  b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.    Certification of a class under California Code of Civil Procedure § 382 is also appropriate in that Cross-Defendants acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

39.    Cross-Complainant and the Class are entitled to an award of attorney fees and costs against Cross-Defendants, pursuant to the RFDCPA, California Civil Code § 1788.17, and the FDCPA, 15 U.S.C. 1692k(a)(3).

## FIRST CAUSE OF ACTION

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

40.    Cross-Complainant brings the first cause of action against Cross-Defendants on behalf of himself and the Class, under the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

41.    Cross-Complainant repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

42.    Cross-Complainant is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

43.    Cross-Defendant, CCS, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

- 11 -

CLASS ACTION CROSS-COMPLAINT                                Case No. CL-18-00541

44.     Cross-Defendant, RODNEY MEEKS, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

45.     Cross-Defendant, CHRISTINE MEEKS, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

46.     The financial obligation alleged to be owed by Cross-Complainant to Cross-Defendant, CCS, is a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

47.     Cross-Defendants' collection notice stapled to the Summons gives the appearance of being authorized, issued, or approved by the Court, in violation of California Civil Code §§ 1788.16 and 1788.17.[2]

48.     Cross-Defendants failed to include the notice required by 15 U.S.C. § 1692e(11) in their collection notice, in violation of California Civil Code § 1788.17.[3]

49.     As a result of Cross-Defendants' violations of the RFDCPA, Cross-Complainant is entitled to an award of statutory damages in an amount not to exceed $1,000, pursuant to California Civil Code § 1788.17.[4]

50.     As a result of Cross-Defendants' violations of the RFDCPA, the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Cross-Defendant, pursuant to California Civil Code § 1788.17.[5]

51.     As a result of Cross-Defendants' violations of the RFDCPA, Cross-Complainant and the Class are entitled to an award of reasonable attorney's fees and costs, pursuant to California Civil Code § 1788.17.[6]

---

[2] Incorporating by reference 15 U.S.C. §§ 1692e(9).
[3] Incorporating by reference 15 U.S.C. §§ 1692e(11).
[4] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).
[5] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).
[6] Incorporating by reference 15 U.S.C. §§ 1692k(a)(3).

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

52.     Pursuant to California Civil Code § 1788.32, the remedies provided under California Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Cross-Complainant and the Class may have under any other provision of law.

## SECOND CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

53.     Cross-Complainant brings the second cause of action against Cross-Defendants on behalf of himself and the Class, under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

54.     Cross-Complainant repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.     Cross-Complainant is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

56.     Cross-Defendant, CCS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

57.     Cross-Defendant, RODNEY MEEKS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

58.     Cross-Defendant, CHRISTINE MEEKS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

59.     The financial obligation alleged to be owed by Cross-Complainant is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

60.     Cross-Defendants' collection notice stapled to the Summons gives the appearance of being authorized, issued, or approved by the Court, in violation of 15 U.S.C. § 1692e(9).

61.     Cross-Defendants' collection notice failed to include the notice required by 15

CLASS ACTION CROSS-COMPLAINT                                          Case No. CL-18-00541

U.S.C. § 1692e(11).

62.   As a result of Cross-Defendants' violations of the FDCPA, Cross-Complainant is entitled to an award of statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).

63.   As a result of Cross-Defendants' violations of the FDCPA, the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Cross-Defendant, pursuant to 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

64.   As a result of Cross-Defendants' violations of the FDCPA, Cross-Complainant and the Class are entitled to an award of reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1692k(a)(3).

### **REQUEST FOR RELIEF**

Cross-Complainant requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Cross-Defendants violated the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788.16 and 1788.17;

c)   Declare that Cross-Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(9) and 1692e(11);

d)   Award Cross-Complainant statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i);

e)   Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Cross-Defendant, pursuant to California Civil Code § 1788.17;[7]

---

[7] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

f)  Award Cross-Complainant and the Class the costs of this action and reasonable

attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code §§

1788.17; and

g)  Award Cross-Complainant and the Class such other and further relief as may be

just and proper.

CONSUMER LAW CENTER, INC.

Dated:  December 19, 2018

By: _____
☒ Fred W. Schwinn (SBN 225575)
☐ Raeon R. Roulston (SBN 255622)
☐ Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Defendant/Cross-Complainant
CLIFTON SCOTT

CLASS ACTION CROSS-COMPLAINT                                    Case No. CL-18-00541

# SUMMONS
## (CITACION JUDIC

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CLIFTON SCOTT

and Does 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDA*

CREDIT CONSULTING SERVICES, INC
a California Corporation

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

If you have any questions regarding this matter, please contact:
Credit Consulting Services Inc, 201 John Street, Suite E, Salinas, CA 93901,
831-424-0606; outside 831 area code 1-800-679-6888
***********************************

Si tiene alguna pregunta tocante ha este asunto, por favor llame a:
Credit Consulting Services Inc, 201 John Street, Suite E, Salinas, CA 93901,
831-424-0606; fuera del area 1-800-679-6888

**NOTICE!** You have been sued. The court may
Read the information below..

You have 30 CALENDAR DAYS after this sur
and have a copy served on the plaintiff. A lett
legal for if you want the court to hear your c
find these court forms and more information
your county law library, or the courthouse ne
If you do not file your response on time, you
without further warning from the court.

There are other legal requirements. You m
want to call an attorney referral service. If yo
nonprofit legal services program. You can lo
(www.lawhelpcalifornia.org), the California C
your local court or county bar association. N
or arbitration award of $10,000 or more in a c
AVISO! Lo han demandado. Si no responde
la información a continuación.

Tiene 30 DIAS DE CALENDARIO despues
por escrito en esta corte y hacer que se en
Su respuesta por escrito tiene que estar en
haya un formulario que usted pueda usar p
información en el Centro de Ayuda de las C
leyes de su condado o en la corte que le qu
de la corte que le pida un formulario de exen
caso por incumplimiento y la corte le podr

Hay otros requisitos legales. Es recome
llamar a un servicio de remisión a abogad
obtener servicios legales gratuitos de un p
fines de lucro en el sitio web de California
de California, (www.courtinfo.ca.gov/self
AVISO:Por ley, la corte tiene derecho a re
recuperación de $10,000 o mas de valor re
Tiene que pagar el gravamen de la corte a

. If you do not know an attorney, you may
be eligible for free legal services from a
alifornia Legal Services Web site
courtinfo.ca.gov/selfhelp), or by contacting
or waived fees and costs on any settlement
ald before the court will dismiss the case.
dir en su contra sin escuchar su version. Lea

apeles legales para presentar una respuesta
carta o una llamada telefonica no lo protegan.
procesan su caso en la corte. Es posible que
stos formularios de la corte y mas
a.gov/selfhelp/espanol/), en la biblioteca de
cuota de presentacion, pida al secretario
nta su respuesta a tiempo, puede perder el
n mas advertencia.
didamente. Si no conoce a un abogado, puede
es posible que cumpla con los requisitos para
es du lucro. Puede encontrar estos grupos sin
nia.org), en el Centro de Ayuda de las Cortes
cto con la corte o el colegio de abogados locales.
os por imponer un gravamen sobre cualquier
oncesion de arbitraje en un caso de derecho civil.
el caso.

The name and address of the court is:
*(El nombre y direccion de la corte es):*
SUPERIOR COURT OF CALIFORNI
LIMITED CIVIL
450 FOURTH STREET/HOLLISTE

The name, address, and telephone number o
*(El nombre, la direccion y el numero de telef*
HERENDEEN & BRYAN (831) 7
MacDonald Bryan/State Lic.
119 Cayuga Street/P O Box
Salinas, CA 93902

CASE NUMBER:
*(Numero del Caso)*
CFL 18-00541

attorney, is:
demandante que no tiene abogado, es):

DATE:
*(Fecha)*   OCT 3 0 2018

ALLISHA GARCIA , Deputy
*(Adjunto)*

*(For proof of service of this summons, use F ... S-010)).*
*(Para prueba de entrega de esta citation use ... ons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other: *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

(SEAL)

**EXHIBIT**
**1**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure par. 412.20, 465

**CERTIFICATE OF SERVICE**

I, Jennifer E. Mueller, declare:

I am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On January 18, 2019, I served the following document(s) on the parties in the within action:

CROSS-DEFENDANT CREDIT CONSULTING SERVICES' NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

| X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|---|---|

Fred W. Schwinn
Raeon R. Roulston
Matthew C. Salmonsen
Consumer Law Center, Inc.
1435 Koll Circle, Suite 104
San Jose, CA 95112-4610

Attorneys for Defendant/Cross-Complainant
CLIFTON JAMES SCOTT

MacDonald Bryan
Herendeen & Bryan
119 Cayuga Street
P.O. Box 1067
Salinas, CA 93902

Attorneys for Plaintiff
CREDIT CONSULTING SERVICES

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on January 18, 2019.

By. _____
Jennifer E. Mueller

- 2 -

CROSS-DEFENDANT CREDIT CONSULTING SERVICES' NOTICE TO ADVERSE PARTY OF REMOVAL TO
FEDERAL COURT