1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CREDIT CONSULTING SERVICES, INC.,

Plaintiff,

v.

CLIFTON JAMES SCOTT,

Defendant.

Case No. 19-cv-00332-WHO

**ORDER GRANTING MOTION TO REMAND; DENYING SPECIAL MOTION TO STRIKE AND MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT**

Re: Dkt. Nos. 10, 16

Plaintiff and cross-defendant Credit Consulting Services, Inc. ("CCS") filed a collection action against defendant and cross-claimant Clifton James Scott ("Scott") in state court on October 30, 2018. Scott filed a cross-complaint against CCS and two of CCS' officers, alleging violations of one state cause of action and the federal Fair Debt Collection Practices Act ("FDCPA"). On the basis of Scott's FDCPA counterclaim, CCS and the officer defendants removed the action to this court.

Scott moves to remand, arguing that a counterclaim based on federal law cannot serve as a basis for removal.[1] He is correct. I grant Scott's motion to remand. The Special Motion to Strike Cross-Complainant's Cross-Complaint and Motion for Judgment on the Pleadings filed by CCS and the officer defendants' is denied as moot.

## BACKGROUND

CCS filed an action against Scott in the Superior Court of California, County of San Benito on October 30, 2018, for breach of contract regarding collection of Scott's alleged debt owed to Hazel Hawkins Memorial Hospital. Summons and Complaint, attached as Exhibit A to Cross-

---

[1] Pursuant to Civil Local Rule 7-1(b), I find this matter suitable for disposition without oral argument and vacate the hearing currently scheduled for February 27, 2019.

1   Defendant Credit Consulting Services' and Defendants Rodney Meeks and Christine Meeks'

2   Amended Notice of Removal of Action Under 28 U.S.C. § 1441 ("Amended Notice of Removal")

3   [Dkt. No. 13]. Prior to service, CCS stapled a yellow note to the summons at a 90-degree angle,

4   stating CCS's contract information. Class Action Cross-Complaint Statutory Damages ("Cross-

5   Complaint") at 7, attached as Exhibit B to Amended Notice of Removal [Dkt. No. 13]. The

6   complaint, summons, and affixed yellow note were served to Scott together. *Id.*

7          On December 19, 2018, Scott filed a cross-complaint against CCS and CCS's officers

8   Rodney Lynn Meeks and Christine Louise Meeks ("Meeks"). *Id.* at 4-6. The cross-complaint

9   alleges violation of the California Rosenthal Fair Debt Collection Practices Act, California Civil

10  Code §§ 1788-1788.33 and the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

11  §§ 1692-1692p, and seeks individual and class statutory damages. *Id.* at 11-15.

12         On January 18, 2019, CCS removed this case to federal court under 28 U.S.C. § 1441(a)

13  based upon the federal question raised by FDCPA. Notice of Removal at ¶ 3. On January 22,

14  2019, Scott filed a motion to remand under 28 U.S.C. § 1447(c) on the ground that a federal

15  question raised in a cross-complaint cannot form the basis for removal and requested award of

16  attorneys' fees and costs. Memorandum of Points and Authorities in Support of Motion to

17  Remand ("Mot.") at 3-4 [Dkt. No. 10-1]. On February 5, 2019, CCS and Meeks filed an amended

18  notice of removal claiming that the entire action may be removed under 28 U.S.C. § 1441(c) by

19  Meeks because Scott's claims against Meeks under the FDCPA arise under federal law and are

20  separate and independent from CCS's contract claims against Scott. Amended Notice of Removal

21  at ¶¶ 2-3 [Dkt. No. 13]. CCS asserts that the amended notice of removal cures any procedural

22  defects contained in the original notice of removal. *Id.* at ¶ 6.

23         **LEGAL STANDARD**

24         A defendant sued in state court may remove the action to federal court if the action could

25  have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). The Ninth Circuit

26  "strictly construe[s] the removal statute against removal jurisdiction;" accordingly, "[f]ederal

27  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

28  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks and citations

United States District Court
Northern District of California

1  omitted).  When a plaintiff challenges the removal of a case to federal court, it is the defendant

2  who bears the burden of establishing the propriety of that removal.  *Id.* at 566–67.  A district

3  court's order remanding an action to state court for lack of subject matter jurisdiction or a defect in

4  the removal procedure is not reviewable on appeal.  28 U.S.C. § 1447(d); *Things Remembered,*

5  *Inc. v. Petrarca*, 516 U.S. 124, 127–128 (1995).

6  **DISCUSSION**

7  **I.  MOTION TO REMAND**

8      Scott moves to remand, arguing that a counterclaim based on federal law cannot serve as a

9  basis for removal.[2]  Mot. at 3.  CCS and Meeks counter that removal is proper under § 1441(c)

10  because the Meeks are third-party defendants and Scott's federal counterclaims under the FDCPA

11  are "separate and independent" from CCS's underlying contract claim.  Opposition at 4-7 [Dkt.

12  No. 14].

13      Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising

14  under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.

15  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction

16  exists only when a federal question is presented on the face of plaintiff's properly pleaded

17  complaint."  *Id.*  "Removal, therefore cannot be based on a counterclaim or cross-claim raising a

18  federal question."  *Redevelopment Agency of City of San Bernardino v. Alvarez*, 288 F. Supp. 2d

19  1112, 1115 (C.D. Cal. 2003).  Accordingly, the FDCPA claim raised in Scott's cross-complaint

20  cannot form a basis for federal question jurisdiction here.  *Bank of New York Mellon v. Hong Xuan*

21  *Vo*, No.: 14–cv–05110–LHK, 2015 WL 662221, at *2 (N.D. Cal. Feb.12, 2015) (FDCPA

22  counterclaims cannot form a basis for federal question jurisdiction); *NCCS Inc. v. Frank Hegardt*

23

24  [2] Scott also argues in his late filed reply that removal is untimely because CCS asserted a
completely different basis for removal in its amended notice of removal and that amended notice
25  of removal was filed past the thirty-day removal period codified in 28 U.S.C. § 1446(b).  Reply at
6-7 [Dkt. No. 15].  Although a notice of removal "cannot be amended to add a separate basis for
26  removal jurisdiction after the thirty day period," "a defendant may amend the notice of removal
after the thirty day window has closed to correct a defective allegation of jurisdiction."  *ARCO*
27  *Environmental Remediation, L.L.C. v. Dept. of Health and Environmental Qualify of Montana*,
213 F.3d 1108, 1117 (9th Cir. 2000).  CCS's amended removal notice did not add a separate basis
28  for removal jurisdiction and remained based on the FDCPA cross-claim.  Therefore, the
amendment is permissible.

3

1    *Ind.*, No. 98-cv-2637-VRW, 1998 WL 574379, at \*1 (N.D. Cal. Aug.28, 1998) (same).

2        In addition, only a defendant may remove an action. 28 U.S.C. § 1441(a). The Ninth

3    Circuit has ruled that a counterclaim defendant who is not a plaintiff to the original state action,

4    and third-party defendants, may not remove the case to federal court. *Westwood Apex v.*

5    *Contreras*, 644 F.3d 799, 805 (9th Cir. 2011). Because CCS and Meeks are not considered

6    "defendants" for purpose of the removal statute, this action must be remanded. *Midland Funding*

7    *LLC v. Korte*, No. 2:13-cv-0103, 2013 WL 1165031, at \*2 (E.D. Cal. Mar. 20, 2013) (FDCPA

8    cross-complaint cannot form basis for removal jurisdiction under § 1441(a); *Pub. Storage v.*

9    *Sobayo*, No. 12-cv-05263 SBA, 2013 WL 163777, at \*2 (N.D. Cal. Jan. 15, 2013) (same).

10       CCS asserts nonetheless that the Meeks are entitled to remove this action under 28 U.S.C.

11   § 1441(c), which states:

12           Whenever a separate and independent claim or cause of action, which
             would be removable if sued upon alone, is joined with one or more
             otherwise non-removable claims or causes of action, the entire case
13           may be removed and the district court may determine all issues
             therein, or, in its discretion, may remand all matters not otherwise
14           within its original jurisdiction.

15   28 U.S.C. § 1441(c). According to CCS, the FDCPA claim is a "separate and independent claim"

16   which allows removal of the entire case, even if raised in a cross-complaint. Oppo. at 4-7.

17       Federal circuit courts that have squarely decided the issue are split on whether third-party

18   defendants may remove an action under § 1441(c). *Compare Thomas v. Shelton*, 740 F.2d 478,

19   486–87 (7th Cir.1984) (holding that third-party defendants may not remove under § 1441(c) in the

20   "broad run of third-party cases") and *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th

21   Cir.1991) (following the Seventh Circuit's analysis in *Thomas v. Shelton*) with *Carl Heck*

22   *Engineers, Inc. v. Lafourche Parish Policy Jury*, 622 F.2d 133, 135–36 (5th Cir.1980). Although

23   the Ninth Circuit has not squarely ruled on this question, several district courts within the Ninth

24   Circuit, including in this District, have followed the majority view of the Seventh and Eighth

25   Circuits. *See Ciolino v. Ryan*, No. 03-cv-1396-TEH, 2003 WL 21556959, at \*5 (N.D. Cal. July 9,

26   2003) ("[T]he court is persuaded that the prevailing view is the correct one: removal by a third-

27   party defendant is not permitted under 28 U.S.C. § 1441(c)); *Cross v. Kaiser Found. Hosps.*, No.

28   98-cv-03141 MMC, 1998 WL 737998, at \*4 (N.D. Cal. Oct. 15, 1998) (finding third-party

4

1    defendants have no right to remove); *Aramid Entm't B.V. v. Bontempo Holdings, LLC*, No. 10-cv-

2    9078, 2011 WL 71441, at \*3 (C.D. Cal. Jan. 7, 2011) (adopting the majority view that a third-

3    party defendant is not entitled to remove an action).  I find no reason to depart from the majority

4    view that a third-party defendant is not entitled to remove an action.[3]

5    **II. ATTORNEY FEES**

6         Scott requests an award of attorneys' fees and costs in relation to his motion to remand

7    pursuant to 28 U.S.C. § 1447(c).[4]  Mot. at 3-4.  The standard for awarding fees turns on the

8    reasonableness of the removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  As

9    the Supreme Court recognized, "[a]bsent unusual circumstances, courts may award attorney's fees

10   under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis

11   for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be

12   denied." *Id.*

13        Here, since the Ninth Circuit has never squarely ruled on a third party's ability to remove

14   under 28 U.S.C. § 1441(c) and CCS and Meeks have cited some authority supporting their

15   position, I cannot say that their removal petition lacked an objectively reasonable basis.  The

16   request for attorneys' fees is denied.

17                                   **CONCLUSION**

18        For the foregoing reasons, CCS and Meeks have failed to establish a basis for subject

19   matter jurisdiction or their right to remove this action.  Accordingly, I remand this action to

20   Superior Court of California, County of San Benito.  *See* 28 U.S.C. § 1447(c).  Attorney's fees are

21

22

23

24

---

25   [3] CCS and Meeks cite to a district court decision in the 11th Circuit to support their position.
     Oppo. 4; *see North Star Capital Acquisitions, LLC v. Krig*, 2007 WL 3522425, at \*2-4 (M.D. Fla.
26   2007) (removal of FDCPA counterclaims by third-party proper because "the FDCPA counterclaim
     and the plaintiffs' original claims involve two distinct wrongs").  However, *North Star* relies on
27   former Fifth Circuit case law, which is at odds with the majority view, and the view of other
     courts in this Circuit. *Id.* *North Star* is of little persuasive value in this case.
28   [4]  Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any
     actual expenses, including attorney fees, incurred as a result of the removal."

5

not awarded to Scott.  CCS and Meeks's special motion to strike and motion for judgment on the

pleadings [Dkt. No. 16] is denied as moot.

**IT IS SO ORDERED.**

Dated: February 25, 2019



William H. Orrick
United States District Judge